**In re The GIBSON GROUP, INC., Debtor.**

**OFFICIAL UNSECURED CREDITORS' COMMITTEE, Plaintiff,**

**v.**

**CANADIAN PACIFIC FOREST PRODUCTS, LTD., Defendant.**

**Bankruptcy No. 1–90–00280.**
**Adv. No. 1–92–0018.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Sept. 13, 1993.

Quintin F. Lindsmith, Columbus, OH, for plaintiff.

Stephen D. Lerner, Cincinnati, OH, for defendant.

## ORDER ON PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

BURTON PERLMAN, Chief Judge.

In this adversary proceeding, plaintiff asserts claims for alleged fraudulent conveyance, equitable subordination, and lender liability.

Presently, defendant projects the taking of the depositions of officers of J.D. Irving, Ltd. ("Irving"). Irving is not a party herein, but is a member of the plaintiff creditors' committee. In its discovery, defendant is inquiring closely into the transactions between Irving and the debtor in the related bankruptcy case. Now before the court is a motion by plaintiff which seeks the imposition of a limit on the scope of inquiry by defendant at these depositions.

We have stated above the gist of the complaint. Plaintiff now says that defen-

dant asserts three grounds of justification for the actions challenged in the complaint: (1) that Gibson (the debtor) was not paying pursuant to agreed terms; (2) that Gibson had not provided in a timely fashion financial reports which it was obligated to provide; and (3) that Gibson engaged in a commercial transaction involving Irving and two of debtor's customers, Blum International and West Indies Pulp and Paper. Both parties refer to the last ground as the "Notes Transaction".

On this motion, plaintiff contends that defendant will be inquiring into matters which are neither relevant nor likely to lead to the discovery of relevant evidence. This occurred in prior depositions conducted by defendant, says plaintiff, where defendant inquired into transactions between Irving and the debtor far beyond the needs of its defenses. Plaintiff asks for an order restricting the scope of the prospective depositions of Irving officers.

In response to the motion, defendant at great length asserts that the discovery that it has conducted and will conduct is permissible pursuant to F.R.B.P. 7026, and that very broad inquiry into the various transactions between Irving and the debtor is justified.

It is plaintiff's position on this motion that defendant's discovery should be limited to exclude inquiry into transactions about which Canadian Pacific Forest Product, Ltd. ("CPF") had no knowledge at the time of the Notes Transaction. Plaintiff's basis for seeking such exclusion is that the evidence sought to be excluded is neither admissible, nor likely to lead to the discovery of admissible evidence.

Defendant responds to this position by arguing that Irving participated in the Notes Transaction in an improper manner and it is entitled to inquire broadly into Irving's motivations in participating in that transaction.

The court is unable to say that evidence of Irving's motivation in connection with the Notes Transaction is not relevant. We are at a discovery stage in this litigation, not at the point where we decide the merits

of it. In this regard, plaintiff's motion is not well taken.

At the same time, we note the position of defendant (p. 13 of its memorandum):

... If Irving was engaged in other transactions with Gibson, its officers and its lenders, which transactions became known to CP Forest through Irving's own production of documents, Irving and the Committee have waived any claim that such documents or their subject matter are not relevant for discovery purposes and CP Forest is absolutely entitled to inquire into the nature of the transactions contained in such documents.

Plaintiff challenges this position, and it is the view of the court that it does so properly. That transactions are learned of in the course of discovery gives no absolute right of inquiry into clearly irrelevant matters.

This court is familiar with protective orders in the context of B.R. 7026 where what is sought to be protected is reasonably well defined, such as privileged matter, trade secrets, sensitive trade information or proprietary matter. A protective order in the present circumstances, to delimit in advance what are acceptable lines and scope of inquiry with respect to the generality of a suit, is something else. We cannot say that it would never be appropriate for the court to take such action, but in light of the traditional liberality permitted in federal discovery, it would be rare.

Accordingly, we deny the motion. In doing so, we caution defendant that we do so for the reason that it is our view that the imposition of a prior restraint on a deposition in the present circumstances is improper. It is not that there are no limits on discovery. Defendant's motion for fees is also denied, as is its request that the court fix the situs of the forthcoming depositions.

So Ordered.